UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GLORIA MONTOYA RAMIREZ-SANTIAGO, )<br>)<br>Plaintiff, )<br>)<br>v.   )<br>)<br>)<br>DEPARTMENT OF HOMELAND )<br>SECURITY *et al*., )<br>)<br>Defendants. ) | Civil Action No. 24-00833 (UNA) |

## MEMORANDUM OPINION

This action, brought *pro se*, is before the Court on review of Plaintiff's Complaint, ECF No. 1, and application to proceed *in forma pauperis*, ECF No. 2. The Court will grant the application and dismiss the complaint.

Complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Still, *pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks. Fed. R. Civ. P. 8(a). It "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer, mount an adequate defense, and determine whether the doctrine of *res judicata* applies. *See Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). The standard also assists the court in determining whether it has jurisdiction over the subject matter.

Plaintiff has sued the U.S. Department of Homeland Security, the Federal Bureau of Investigation, the Social Security Administration, and the Centers for Medicare & Medicaid Services, but she accuses none of those governmental entities of wrongdoing. Rather, Plaintiff alleges that she "is a Cuban Citizen" who was the "victim of assault/battery and robbery at the White House Property Grounds where her wallet, Cuban passport with Mexican work permit, USA state ID card," and various other documents apparently were taken. Compl. at 4 (cleaned up). The relief section of the complaint consists of meaningless words. *See id*. at 4-5.

Plaintiff does not state the basis of federal court jurisdiction, allege discernible facts to "give the defendants fair notice of what the claim is and the grounds upon which it rests,]" *Jones v. Kirchner*, 835 F.3d 74, 79 (D.C. Cir. 2016) (citation omitted), and demand appropriate relief. Consequently, this case will be dismissed by separate order.

Date: April 16, 2024

_____/s/_____  
TANYA S. CHUTKAN  
United States District Judge

2